## In re FENELON.

HABEAS CORPUS. (1, 2) *Order discharging prisoner on, not appealable.*

1. The statute which gives an appeal to this court from " a final order affecting a substantial right, made in special proceedings " (Tay. Stats., 1635, § 11), relates only to such proceedings by parties for the enforcement and protection of rights, or the redress or prevention of wrongs, *of a private nature,* and does not apply to proceedings by *habeas corpus.*
2. Where, therefore, a judgment debtor, who had been imprisoned for contempt of court in refusing to answer questions put to him in supplemental proceedings, obtained his discharge on *habeas corpus: Held,* that the order of discharge could not be brought before this court by appeal.

APPEAL from the Circuit Court for *Dodge* County.

One Luther Butts instituted proceedings supplementary to execution, before a court commissioner, on a judgment recovered by him against *Margaret Fenelon* and another. The said *Margaret* appeared before the commissioner for examination pursuant to the statute, and was duly sworn in that behalf, but refused to make answer to proper and pertinent questions propounded to her on behalf of the judgment creditor. The commissioner, thereupon, adjudged her guilty of contempt of court in thus refusing to answer, and committed her to prison until such time as she should signify her willingness to submit to an examination.

On her petition, *Mrs. Fenelon* was brought before another court commissioner on *habeas corpus,* and was by him discharged from custody. The judgment creditor, Mr. Butts, thereupon removed the *habeas corpus* proceedings into the circuit court by writ of *certiorari,* and that court affirmed the order of the commissioner discharging *Mrs. Fenelon* from custody. From such order of affirmance Mr. Butts attempted to appeal to this court, by giving the undertaking and serving the notice of ap-

peal provided for in chapter 264, Laws of 1860 (Tay. Stats., 1632, 1641, §§ 3, 27).

*Eli Hooker*, for appellant.

*L. T. Fribert*, for respondent.

LYON, J.    Although this proceeding by *habeas corpus* grew out of the civil action of *Butts v. Fenelon*, it is still an original proceeding by which *Mrs. Fenelon*, as relator or petitioner, invokes the power and authority of the state to release her from alleged unlawful imprisonment.    The statute which gives an appeal from " a final order affecting a substantial right made in special proceedings" (Tay. Stats., 1 635, § 11) relates only to such proceedings by parties for the enforcement and protection of rights, or the redress or prevention of wrongs, of a private nature.    Manifestly, such is not the proceeding by *habeas corpus*.    After mature consideration, we have reached the conclusion that this appeal cannot be sustained.

*By the Court.*— Appeal dismissed.